**COZEN O'CONNOR**
Valerie D. Rojas (State Bar No. 180041)
vrojas@cozen.com
601 South Figueroa Street, Suite 3700
Los Angeles, CA  90017
Telephone: (213) 892-7965
Facsimile:  (213) 784-9076

Counsel for Plaintiff SCOTTSDALE
INSURANCE COMPANY

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

SCOTTSDALE INSURANCE
COMPANY, an Ohio corporation,

        Plaintiff,

        v.

ECOFACTOR, INC., a California
corporation,

and

SHAYAN HABIB, a California
citizen,

and

AMOS NATHANIEL GOLDHABER,
a California citizen

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.:

**SCOTTSDALE INSURANCE
COMPANY'S COMPLAINT FOR
DECLARATORY JUDGMENT**

For its Complaint against Defendants EcoFactor, Inc. ("EcoFactor"), Shayan Habib ("Habib"), and Amos Nathaniel Goldhaber ("Goldhaber"), Plaintiff Scottsdale Insurance Company ("Scottsdale") states as follows:

1.    This is an insurance coverage action seeking declaratory relief pursuant to 28 U.S.C. §§ 2201, 2202, and 1332.

## PARTIES

2.    Scottsdale is a corporation organized and existing under the laws of the State of Ohio with its principal place of business located in Scottsdale, Arizona.

3.    EcoFactor is a Delaware corporation with its principal place of business located in Palo Alto, California.

4.    Habib is the Chief Executive Officer and a Director of EcoFactor and is a citizen of the State of California.

5.    Goldhaber is a Director of EcoFactor and is a citizen of the State of California.

## JURISDICTION AND VENUE

6.    The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1). There is complete diversity of citizenship between Scottsdale and Defendants, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

7.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)(1) and (2) because Defendants are citizens of the State of California and a substantial part of the events or omissions giving rise to the claim occurred in this district.

## FACTUAL ALLEGATIONS

### The Policy

8.    Scottsdale issued Business and Management Indemnity Policy No. EKS3489936 to EcoFactor (the "Policy") effective for the period from July 31, 2023 to July 21, 2024 (the "Policy Period"). A copy of the Policy is attached hereto as "Exhibit 1."

9.    Subject to the Policy's terms, conditions, limitations, exclusions, and endorsements, the Policy provides coverage under an Employment Practices Coverage Section and a Directors and Officers and Company ("D&O") Coverage Section. (*Id.* at Declarations, Item 3.)

10.    Insuring Clause A(1) of the D&O Coverage Section of the Policy states that Scottsdale shall pay the "Loss" of the "Directors and Officers" for which the "Directors and Officers" are not indemnified by the "Company" and which the "Directors and Officers" have become legally obligated to pay by reason of a "Claim" first made against the "Directors and "Officers" during the Policy Period or, if elected, the "Extended Period," and reported to Scottsdale pursuant to Section E(1) of the Policy, for any "Wrongful Act" taking place prior to the end of the Policy Period. (Ex. 1 at D&O Coverage Section § A(1).)

11.    Insuring Clause A(2) of the D&O Coverage Section of the Policy states that Scottsdale shall pay the "Loss" of the "Directors and Officers" for which the "Company" had indemnified the "Directors and Officers" and which the "Directors and Officers" have become legally obligated to pay by reason of a "Claim" first made against the "Directors and "Officers" during the Policy Period or, if elected, the "Extended Period," and reported to Scottsdale pursuant to Section E(1) of the Policy, for any "Wrongful Act" taking place prior to the end of the Policy Period. (Ex. 1 at D&O Coverage Section § A(2).)

12.    Insuring Clause A(3) of the D&O Coverage Section of the Policy states that Scottsdale shall pay the "Loss" of the "Company" which the "Company" has become legally obligated to pay by reason of a "Claim" first made against the "Company" during the Policy Period or, if elected, the "Extended Period," and reported to Scottsdale pursuant to Section E(1) of the Policy, for any "Wrongful Act" taking place prior to the end of the Policy Period. (Ex. 1 at D&O Coverage Section § A(3).)

13.    "Company" is defined in the Policy as the "Parent Company" (i.e., EcoFactor) and any "Subsidiary." (Ex. 1 at General Terms & Conditions §§ B(2) and (7) and Declarations, Item 1.)

14.    "Directors and Officers" is defined in the Policy, in relevant part, as any person who was, now is, or shall become a duly elected or appointed director, officer,

or similar executive of the Company, or any member of the management board of the Company," among other things. (Ex. 1 at D&O Coverage Section § B(4)(a), as amended by Endorsements No. 20, 28, and 37.)

15.    "Loss" is defined in the Policy, in pertinent part, as damages, judgments, settlements, pre-judgment or post-judgment interest awarded by a court, and "Costs, Charges and Expenses" incurred by Directors and Officers under Insuring Clauses 1 or 2 or the Company under Insuring Clause 3, but does not include, among other things, (i) matters uninsurable under the laws pursuant to which the Policy is construed, among other exceptions; (ii) the cost of any remedial, preventative, or other non-monetary relief, including without limitation any costs associated with compliance with any such relief of any kind or nature imposed by any judgment, settlement, or governmental authority, (iii) any amounts for which the Insured is not financially liable or legally obligated to pay, or (iv) any amounts owed or paid to one or more securities holders of the Company under any written or express contract or agreement. (Ex. 1 at D&O Coverage Section § B(7), as amended by Endorsement No. 31.)

16.    "Claim" is defined in the Policy, in relevant part, as a civil proceeding against any "Insured" seeking monetary damages or non-monetary or injunctive relief, commenced by the service of a complaint or similar pleading, among other things. (Ex. 1 at D&O Coverage Section § B(1)(c), as amended by Endorsements No. 26, 30, and 39.)

17.    "Wrongful Act" is defined in the Policy as any actual or alleged error, omission, misleading statement, misstatement, neglect, breach of duty or act allegedly committed or attempted by (a) any of the Directors and Officers, while acting in their capacity as such, or any matter claimed against any Director and Officer solely by reason of his or her serving in such capacity; (b) any of the Directors and Officers, while acting in their capacity as a director, officer, trustee, governor, executive director or similar position of any "Outside Entity" where such service is with the

knowledge and consent of the Company; and (c) the Company, but only with respect to Insuring Clause 3 of the D&O Coverage Section. (Ex. 1 at D&O Coverage Section § B(9).)

18. The Policy states that Scottsdale shall not be liable for Loss under the D&O Coverage Section on account of any Claim for the return by any of the Directors and Officers of any remuneration paid to them without the previous approval of the appropriate governing body of the Company or "Outside Entity," which payment without such previous approval shall be held to be in violation of law (the "Return of Remuneration Exclusion"). (Ex. 1 at D&O Coverage Section § C(1)(g).)

19. The Policy states that it shall be the duty of Scottsdale and not the duty of the Insureds to defend any Claim. (Ex. 1 at D&O Coverage Section § F(1).)

### The Underlying Action

20. On or about February 9, 2024, Leo Cheung, Edward Dumont, Scott Hublou, Bryan Ko, Robert Koenig, Eric Saltzman, William Sneed, and John Steinberg, derivatively on behalf of EcoFactor, filed a verified stockholder derivative complaint against EcoFactor, Habib, Goldhaber, and others, Case No. 2024-0117, in the Court of Chancery for the State of Delaware (the "Underlying Action"). On or about October 7, 2025, the plaintiffs in the Underlying Action filed a verified second amended and supplemental stockholder direct and derivative complaint against EcoFactor, Habib, Goldhaber, and others, which is the operative complaint in the Underlying Action. A copy of the second amended complaint filed in the Underlying Action is attached hereto as "Exhibit 2."

21. In the Underlying Action, the plaintiffs allege that, beginning as early as 2015, and continuing at the time the Underlying Action was filed, the defendants agreed upon and entered into a scheme between and among themselves to dilute the plaintiffs' and other stockholders' ownership interests in EcoFactor. (Ex. 2 ¶ 1.)

SCOTTSDALE INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY JUDGMENT

22. According to the plaintiffs in the Underlying Action, the defendants (i) improperly and illegally transferred the majority of the ownership interest in EcoFactor to themselves and/or aided and abetted others in such actions, (ii) withheld critical material information concerning the operation of EcoFactor and its highly valuable intellectual property assets (including information related to EcoFactor's patent enforcement litigation), (iii) improperly usurped corporate benefits and concealed their actions from the plaintiffs and other stockholders in violation of Delaware law and EcoFactor's Bylaws, and (iv) caused EcoFactor to transfer significant and valuable assets, including parts of certain patents and other valuable intellectual property, to third parties without the plaintiffs' knowledge or consent. (Ex. 2 ¶¶ 3-4, 23-125.)

23. The second amended complaint in the Underlying Action sets forth the following causes of action against Habib and Goldhaber: (1) breach of fiduciary duty – dilution; (2) breach of fiduciary duty in seizing a corporate opportunity; (3) breach of contract for violating corporate bylaws; and (4) violation of DGCL §205(f) seeking a declaration that the defendants' alleged attempted ratification of defective corporate actions are not effective. (Ex. 2 ¶¶ 127-146, 156-162, 184-186.)

**Scottsdale's Coverage Position**

24. After the Underlying Action was tendered to Scottsdale for coverage under the Policy, on or about March 20, 2024, counsel for Scottsdale sent a letter to EcoFactor indicating that Scottsdale would provide a defense to Defendants in connection with the Underlying Action pursuant to its right and duty to do so under the Policy and subject to a reservation of its rights under the Policy. A copy of the March 20, 2024 letter is attached hereto as "Exhibit 3."

25. On or about March 18, 2025 and August 29, 2025, counsel for Scottsdale sent additional letters to EcoFactor reminding Defendants of various coverage issues and defenses that limit or preclude coverage for the Underlying Action under the

SCOTTSDALE INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY JUDGMENT

policy. A copy of the March 18, 2025 letter is attached hereto as "Exhibit 4" and a copy of the August 29, 2025 letter is attached hereto as "Exhibit 5."

26.     On or about December 16, 2025, counsel for Defendants sent a letter to counsel for Scottsdale indicating that Defendants disputed Scottsdale's coverage position. A copy of the December 16, 2025 letter is attached hereto as "Exhibit 6."

## COUNT I – DECLARATORY JUDGMENT AS TO UNINSURABLE LOSS

27.     Scottsdale hereby adopts by reference the allegations contained in paragraphs 1 through 27 of this Complaint as if fully set forth herein.

28.     An actual, present, and justiciable controversy exists concerning whether the Underlying Action seeks covered Loss under the Policy.

29.     Scottsdale requests that the Court declare that the Underlying Action seeks uninsurable loss under the Policy in the form of restitution/disgorgement or other amounts that do not constitute "Loss" under the Policy and that, as a result, Scottsdale is not obligated to defend or indemnify Defendants in connection with the Underlying Action.

## COUNT II – DECLARATORY JUDGMENT AS TO CAL. INS. CODE § 533

30.     Scottsdale hereby adopts by reference the allegations contained in paragraphs 1 through 30 of this Complaint as if fully set forth herein.

31.     Section 533 of the California Insurance Code states that "[a]n insurer is not liable for loss caused by the willful act of the insured; but he is not exonerated by the negligence of the insured, or of the insured's agents or others."

32.     An actual, present, and justiciable controversy exists concerning whether Section 533 of the California Insurance Code bars coverage for the Underlying Action under the Policy.

33.     Scottsdale requests that the Court declare that Section 533 of the California Insurance code precludes coverage for the Underlying Action under the Policy and, as a result, Scottsdale is not obligated to defend or indemnify Defendants in connection with the Underlying Action.

## COUNT III – DECLARATORY JUDGMENT AS TO RETURN OF REMUNERATION EXCLUSION

34.    Scottsdale hereby adopts by reference the allegations contained in paragraphs 1 through 34 of this Complaint as if fully set forth herein.

35.    An actual, present, and justiciable controversy exists concerning whether the Policy's Return of Remuneration Exclusion precludes coverage for the Underlying Action under the Policy.

36.    Scottsdale requests that the Court declare that the Return of Remuneration Exclusion precludes coverage for the Underlying Action under the Policy and, as a result, Scottsdale is not obligated to defend or indemnify Defendants in connection with the Underlying Action.

## PRAYER FOR RELIEF

WHEREFORE, Scottsdale prays that this Court enter an Order:

1.    declaring that the Underlying Action seeks uninsurable loss under the Policy in the form of restitution/disgorgement or other amounts that do not constitute "Loss" under the Policy and that, as a result, Scottsdale is not obligated to defend or indemnify Defendants in connection with the Underlying Action;

2.    declaring that Section 533 of the California Insurance Code precludes coverage for the Underlying Action under the Policy and, as a result, Scottsdale is not obligated to defend or indemnify Defendants in connection with the Underlying Action;

3.    declaring that the Policy's Return of Remuneration Exclusion precludes coverage for the Underlying Action under the Policy and, as a result, Scottsdale is not obligated to defend or indemnify Defendants in connection with the Underlying Action;

4.    awarding Scottsdale its costs and expenses; and

5.    awarding Scottsdale all other relief that the Court deems just and equitable.

DATED:  January 20, 2026        **COZEN O'CONNOR**

  */s/ Valerie Rojas*
  Valerie Rojas

Attorneys for Plaintiff SCOTTSDALE INSURANCE COMPANY

SCOTTSDALE INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY JUDGMENT